```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DONALD J. GUICHARD,

                    Plaintiff,
                                              MEMORANDUM AND ORDER
          -against-                           18-CV-4083(JS)(AYS)

10 JOHN DOES AND 10 JANE DOES IN
THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES, SUFFOLK COUNTY SHERIFF
CORRECTIONAL FACILITY AND A HOST
OF 10 OTHER OFFICERS,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Donald J. Guichard, pro se
                    19-A-1455
                    Downstate Correctional Facility
                    121 Red Schoolhouse Road
                    P.O. Box F
                    Fishkill, New York 12524

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On July 16, 2018, incarcerated pro se plaintiff Donald J. Guichard ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against unidentified officers alleged to work at the Yaphank Correctional Facility and the "Suffolk County Sheriff Correctional Facility" which the Court understands to be the Suffolk County Correctional Facility ("the Jail" and collectively, "Defendants"). However, Plaintiff did not remit the filing fee nor did he file an application to proceed in forma pauperis at the time he filed the Complaint. Accordingly, by

Notice of Deficiency dated July 17, 2018 ("Notice"), Plaintiff was instructed to either remit the filing fee or to complete and return the enclosed in forma pauperis application and the required Prisoner Litigation Reform Act authorization form ("PLRA") within fourteen (14) days from the date of the Notice in order for his case to proceed. (See Notice, Docket Entry 3.) On August 3, 2018, Plaintiff filed an application to proceed in forma pauperis and a completed PLRA. (IFP Mot., Docket Entry 5.) Albeit untimely filed, the Court accepts the application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED and the Court ORDERS service of the Summonses and Complaint upon the Defendants by the United States Marshal Service ("USMS").

However, the USMS will not be able to effect service of the Summonses and the Complaint on the Defendants without more information. The Second Circuit has held that district courts must provide pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants. See

Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997). Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Suffolk County Attorney. The Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the Defendants, who are all alleged to be employed by Suffolk County and who are described in the Complaint and alleged to have interacted with Plaintiff on March 19, 2018. The Suffolk County Attorney's Office shall provide the Court and Plaintiff with the names and addresses where these individuals can be served within thirty (30) days of the date that this Order is served upon it.

    Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed Defendants, Summonses shall be issued as to these Defendants, and the USMS shall serve them. The Suffolk County Attorney need not undertake to defend or indemnify any of these individuals at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve the unnamed Defendants as instructed by the Second Circuit in Valentin.

    The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith

and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.


SO ORDERED.


/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: June __6__, 2019
       Central Islip, New York