UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONALD GUICHARD,

                      Plaintiffs,                    **<u>ORDER</u>**

     -against-                            18-CV-4083 (JS) (JMW)


CORRECTIONS OFFICER NICHOLAS
MANNE, SUFFOLK COUNTY SHERIFF
CORECTIONAL FACILITY *& a host of 10
other officers*, CORRECTIONS OFFICER
CHRISTIAN BARTIK, CORRECTIONS
OFFICER DONALD MATTHEWS,
CORRECTIONS OFFICER RICHARD
SCHENKMAN, and CORRECTIONS
SERGEANT MICHAEL DONEGAN,

                      Defendants.
------------------------------------------------------------X

**Lance D. Simon**
Simon Law Group, PLLC
120 Court Street
Riverhead, NY 11901
*For Plaintiff*

**Brian C Mitchell**
Suffolk County Dept. of Law-County Attorney
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788
*For Defendants*

**WICKS,** Magistrate Judge:

      Plaintiff Donald Guichard commenced this action against Defendants for alleged

violations of his Civil Rights pursuant to 42 U.S.C. § 1983.  (DE 1.)  Plaintiff handled this matter

*pro se* from the time he filed the Complaint on June 10, 2019 through February 23, 2022, when

Simon Law Group, PLLC ("Simon") appeared on behalf of Mr. Guichard.  (DE 80.)  Now before

the Court is Mr. Lance D. Simon's Order to Show Cause and Affirmation in Support of Simon's

motion to withdraw as counsel ("OTSC").[1]  (DE 84.)

Mr. Simon filed the Order to Show Cause and motion to be relieved as counsel on April 14, 2022.  (*Id.*)  On April 15, 2022, the undersigned ordered that any opposition to the OTSC be filed on or before April 28, 2022 (DE 87), and on April 18, 2022, the undersigned directed Mr. Simon to serve Plaintiff with a copy of the April 15, 2022 Order and the underlying OTSC (Electronic Order dated Apr. 18, 2022.)  On April 19, 2022, Mr. Simon served Plaintiff with the OTSC .  (DE 89; DE 90.)  On April 15, 2022, Defendants filed a letter to the Court advising that they have no position on Simon's motion to withdraw.  (DE 88.)  To date, Plaintiff has not filed opposition.

## DISCUSSION

Simon seeks withdrawal from representing Plaintiff on the basis of a break-down of the attorney-client relationship.  (DE 84.)  Simon asserts that despite numerous attempts to counsel Plaintiff, Plaintiff has been unresponsive, and Simon has been unable to act effectively in litigating this matter.  (*Id.*)

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the displacement of counsel who have appeared:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order.  Such an order may be granted only upon a showing by affidavit or otherwise satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.  All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

E.D.N.Y. Local R. 1.4.

---

[1] Simon filed an identical OTSC in the related action, 19-CV-3443.

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, 05 CV 1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999)).  New York's Rules of Professional Conduct ("NYRPC")[2] differentiate between mandatory (*see* NYRPC rule 1.16[b]) and permissive (*see* NYRPC rule 1.16[c]) bases for withdrawal.  Plaintiff's counsel's reason for withdrawal – a breakdown in the attorney-client relationship – is encompassed within the permissive category.  S*ee* NYRPC rule 1.16[c][7].[3] The American Bar Association Code of Professional Responsibility provides that grounds for permissive withdrawal of representation include when "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." *Id.* at 1.16(b)(6).  The question remains, however, whether the proffered reason is sufficiently detailed to grant the requested relief.  *See* ABA Formal Op. 476 (2016) ("The more difficult question is when is a lawyer permitted to disclose any confidential client information in filing a motion to withdraw, and if so, how much. The tension between a lawyer's obligation to provide the court with sufficient facts to rule on a motion and the lawyer's duty of confidentiality has been characterized in one treatise as 'a procedural problem that has no fully satisfactory solution'" (citations omitted)).

When a client makes it unreasonably difficult for an attorney to effectively carry out representation for the client, that is sufficient grounds to grant a motion to withdraw.  *Tokarz v. LOT Polish Airlines*, 96-CV-3154 (FB)(JMA), 2005 WL 8161165, at *2 (E.D.N.Y. June 20,

---

[2] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts." *Steele v. Bell*, No. 11 Civ. 9343(RA)., 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted).

[3] Withdrawal based upon an uncooperative client is permitted when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." *Steele*, 2012 WL 6641491, at *2.

2005) (citation omitted); *see also Naguib v. Pub. Health Sols.*, No. 12 CV 2561(ENV)(LB)., 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (finding that satisfactory reasons for withdrawal include "the existence of an irreconcilable conflict between attorney and client") (citations omitted).  Here, Plaintiff's counsel asserts that there has been a breakdown in the attorney-client relationship and that it would be unreasonably difficult to continue to represent Plaintiff.  That alone might not be sufficient, but coupled with no opposition from the client, the Court concludes there are sufficient grounds for withdrawal.[4]  This conclusion is further supported by the fact that this action is not trial-ready.  *See Whiting*, at 321 (finding that granting motion to withdraw would not cause undue delay because discovery was not complete and trial was not scheduled) (citation omitted).  Accordingly, the Court finds that counsel for Plaintiff has demonstrated satisfactory reasons for withdrawal and the motion is hereby GRANTED.

## CONCLUSION

For the reasons stated, the motion to withdraw is granted.  All proceedings in this case are stayed until June 20, 2022, so that Plaintiff may retain new counsel or advise the Court of the intention to proceed *pro se*.  Outgoing counsel, Mr. Simon, is directed to serve a copy of this Order upon Plaintiff at the last known address and last known email address, and file proof of service on ECF on or before June 3, 2022.  A Status Conference is scheduled for June 20, 2022 at 3:30 PM in Courtroom 1020 of the Central Islip Courthouse.

---

[4] The Court does not find that further detail is required to determine the instant motion.  *See Ivic v. Advance Stores Company Incorporated*, 19-CV-00509, DE 147 at 4-5 (DG) (JMW), (E.D.N.Y. Feb. 16, 2022) (finding that although lawyers who move for withdrawal based on a breakdown of the attorney-client relationship must be careful not to reveal confidential or privileged information while also adequately articulating their basis for withdrawal, an affidavit in further detail was not necessary).

Dated: Central Islip, New York
      June 1, 2022

**S O   O R D E R E D:**

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge